**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | |
|---|---|
| **Vincent Cuthie on behalf of himself and**   * | |
| **the Fleet Reserve Association Pension** | |
| **Plan**   * | |
| **1522 Windows Mite Road** | |
| **Edgewater, Maryland 21037** | |
|   * | |
| and all other similarly situated plan | |
| participants and beneficiaries in the   * | |
| Fleet Reserve Association Defined | |
| Benefit Pension Plan   * | |
| | |
|     **PLAINTIFFS**   * | |
| v.   * | Civil Action No: |
| | |
| **FLEET RESERVE ASSOCIATION**   * | |
| **PENSION PLAN** | |
| SERVE ON:   * | |
| Joe Semo, Esq. | |
| The Semo Law Group   * | |
| 1800 M. Street, N.W. – Suite 730S. | |
| Washington, D.C. 20036   * | |
| | |
| **Fleet Reserve Association**   * | |
| SERVE ON: Joe Semo, Esq. | |
| The Semo Law Group   * | |
| 1830 M. Street, N.W. – Suite 730S | |
| Washington, D.C. 20036   * | |
| | |
| **Noel Bragg**   * | |
| SERVE ON: Joe Semo, Esq.. | |
| The Semo Law Group   * | |
| 1800 M. Street, N.W. – Suite 730S. | |
| Washington, D.C 20036   * | |
| | |
|   * | |
|     **DEFENDANTS** | |

*     *     *     *     *     *     *     *     *     *     *     *

**COMPLAINT**

Now comes, Plaintiffs Vincent Cuthie , who respectfully files the instant

Complaint and sues Defendants Noel Bragg, (Defendant Plan Administrator Bragg) Fleet Reserve Association Pension Plan ("FRA Pension Plan") and Fleet Reserve Association. (FRA).

Plaintiff brings this action for himself and on behalf of the Fleet Reserve Association Pension Plan and all others similarly situated based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). against, Defendants Fleet Reserve Association and Plan Administrator Bragg violated ERISA by not following the terms of the 1996 Plan document that required the use of an integrated benefit formula that would have entitled all plan participants to additional retirement benefits. Second, Defendants violated ERISA by retroactively amending and reducing his lump sum benefits in 2002 and the future lump sum benefits for all similarly situated eligible plan participants and beneficiaries.  Defendants admittedly did not obtain permission from the United States Department of Labor before retroactively reducing the lump sum benefits. Defendants failed to send an appropriate notice to all plan participants and beneficiaries that their future accrual of benefits would be reduced by an amendment in July 2002.

On September 28, 2006, the Honorable William D. Quarles Jr. in the case of *Cross et.al. v. Bragg et.al*. (WDQ-05-0001) entered summary judgment against Defendants Bragg and FRA Pension Plan on claims identical to the ones being brought in the instant case concerning the failure to pay benefits based on the integrated benefit formula and improperly amending the Fleet Reserve Association Pension Plan through an amendment retroactively reducing benefits without  the necessary approval of the United States

Department of Labor. (Docket Entry 64).

I.   **THE PLAINTIFF**

1.      Plaintiff Vincent Cuthie is a citizen and resident of Maryland. Plaintiff

Cuthie is a vested plan participant and beneficiary in the Fleet Reserve Association

Pension Plan.

II.   **THE DEFENDANTS**

2.      Defendant Plan Administrator Noel Bragg is a citizen and resident of

Hawaii. Defendant Noel Bragg is the plan administrator and trustee of the Fleet Reserve

Association Pension Plan from July 8, 2002 to the present time. Defendant Bragg served

as chairman of the pension committee of the Defendant FRA Pension Plan from 2000 to

the present.

3.      Defendant FRA Pension Plan is a defined benefit pension plan as that term

is defined under Section 3 (2) (A) of ERISA. (hereinafter either Defendant FRA Pension

Plan or Plan defendant)

4.      Defendant FRA is the employer sponsor of the Defendant FRA Pension

Plan. Defendant Plan Administrator Bragg was appointed the Plan Administrator of the

Defendant FRA Pension on July 8, 2002. Defendant Plan Administrator Bragg was

required to make decisions concerning the Defendant FRA Pension Plan. Nevertheless,

Defendant FRA acting through their National Board of Directors met and took the

following actions on July 9, 2002 because Defendant Bragg refused to act

concerning whether or not the integrated or step benefit formula should be used

in the Defendant FRA Pension Plan :

a.      Richard H. Smith was a member of the Defendant FRA National Board

of Directors and voted to amend the Fleet Reserve Association Pension Plan on July

8-9, 2002.retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      b.    Ralph A. Schmidt was a member of the Defendant FRA

National Board of Directors and voted to amend the Fleet Reserve Association Pension

Plan in July 2002.retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      c.    Lawrence J. Boudreaux was a member of the Defendant FRA

National Board of Directors and voted to amend the Fleet Reserve Association Pension

Plan in July 2002.retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      d.   Eugene Smith was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      e.   Robert E. King was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      f.   Russell Belt was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      g.   Forrest E. Harrell was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits.

      h.   Victor Miranda was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits fiduciary

      i. Lindell C. Clymer was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits fiduciary

      j. Dean F. Miller was a member of the Defendant FRA National Board of

Directors and voted to amend the Fleet Reserve Association Pension Plan in July

2002 retroactively reducing Plaintiff Cuthie's lump sum retirement benefits fiduciary

      5.   There were no other members of the Defendant FRA National Board of

Directors that affirmatively voted to retroactively reduce Plaintiff Cuthie's lump sum

retirement benefits in July 2002.

### III (A) STATEMENT OF FACTS RELATING TO THE  STATUTORY VIOLATION CLAIM

      6.      Under the terms of the Defendant FRA Pension Plan as amended in 1996,

all plan participants were entitled to receive a lump sum benefit based on an integrated

benefit formula not based on a step formula. (See Exhibit  1 - 1996 Plan Document –

Section 5.1 and 1998 Summary Plan Description – Section 5.1)

      7.   Plaintiff Cuthie satisfied the vesting requirements in the Defendant FRA

Pension Plan in July 2002 although he had not yet retired from the Fleet Reserve

Association.

      8.      Plaintiff Cuthie did not receive the correct amount of his lump sum

retirement benefits from the Defendant FRA Pension Plan in July 2007 and was entitled

to additional retirement benefits based on an integrated benefit formula when he did

retire in July 2007. (See Exhibit 2 - letter from Robert Dezube of Milliman and

Associates to FRA Financial Officer dated July 2007 and letter from Robert Dezuebe to

Noel Bragg in May 2002)

      9.     On May 21, 2002, Defendant Bragg after reviewing the letter

from Mr. Dezube referenced in paragraph 8, acknowledged in writing that the

"Employer's interests are directly opposed to the Employee [plan participant and

beneficiary's] interests. The Administrator is required by the Plan to operate the Plan

exclusively for the benefit of the participants'. In this case, my interpretation is that,

based on the Actuary's letter about the underpayments, I should be ordering the Trustee

to make the appropriate distributions immediately." (See Exhibit 3 email from

Defendant Bragg to the President of Fleet Reserve Association dated May 21, 2002.

      10.    On or about July 8, 2002, Defendant FRA and its national board of

directors and Defendant Bragg  referenced in paragraphs 2  through 4  met and decided to

change the Defendant FRA Pension Plan based on a specific recommendation submitted

to them by Defendant Plan Administrator Bragg which benefited only the Defendant

FRA not the individual plan participants and beneficiaries. (See Exhibit 4 - minutes of

July 8, 2002 meeting)

      11.    All individual members of the Fleet Reserve Association Board of

Directors referenced in paragraphs 2 through 4 met and approved an amendment in July

2002  that retroactively reduced benefits of all plaintiffs in the Defendant FRA Pension

Plan from an integrated benefit formula to a step formula causing Plaintiff Cuthie and all

other plan participants and beneficiaries to lose substantial benefits that they were

otherwise entitled to under the terms of the Defendant FRA Pension Plan. (See Exhibit 4 meeting of July 8-9, 2002)

12.     The 2002 Plan amendment not only adversely affected Plaintiff Cuthie in this case but numerous employees that had been and were currently employed by the Fleet Reserve Association in July 2002 and were participants and beneficiaries in the Defendant FRA Pension Plan by reducing both past and future accrual of their lump sum benefits that they would receive after July 8, 2002.

13.     Defendants did not obtain the necessary approval of the United States Department of Labor before adopting the amendment in 2002 that retroactively reduced the lump sum retirement benefits of all plaintiffs from an integrated benefit formula to a step formula.

14.     Defendants have still failed to obtain the approval of the United States Department of Labor for the 2002 amendment that retroactively reduced other current and past plan participant's lump sum retirement benefits in the Defendant FRA Defined Benefit Pension Plan.

15.     Defendants failed to notify any plan participants or beneficiaries in writing prior to July 8, 2002 that their future benefit accruals were being reduced including lump sum retirement benefits based on the July 2002 amendment.

16.     Defendants also failed to send out a summary of material modifications to plan participants and beneficiaries concerning the July 2002 amendment to any plaintiffs or any other plan participants and beneficiaries.

### III. (B) STATEMENT OF FACTS PERTINENT TO CLAIMS FOR ADDITIONAL PENSION BENEFITS

17.    In 1995, Plan Administrator George Kaye and the pension committee to the Defendant FRA Pension Plan then hired Milliman and Associates to serve as its actuary.

18.    Milliman and Associates recommended to Plan Administrator Kaye and the pension committee that a new Plan document be prepared and finalized to reflect the amendments and other tax law changes to the Defendant FRA Pension Plan.

19.    Corbel and Company finalized the new Plan document for the Defendant FRA Pension Plan which reflected both the input and intent of the National Board of Directors of the Fleet Reserve Association and Plan Administrator Kaye based on the aforementioned checksheet/questionnaire and the information supplied to it by Plan Administrator Kaye, the pension committee and National Board of Directors of the Fleet Reserve Association and Milliman and Associates.

20.    Corbel and Company completed the new Plan Document and it was eventually sent to Plan Administrator Kaye and the pension committee in 1996. Section 5.1 of the new Plan Document that contained an integrated benefit formula for calculating lump sum retirement benefits. (See Exhibit 1 – Plan Document and 1998 Summary Plan Description)

21.    In the Plan document completed by Corbel and Company, the Defendant FRA Pension Plan was also amended and restated effective July 1, 1989. (See Exhibit 1 )

22.    The 1996 Plan document prepared by Corbel and Company including the integrated benefit formula was reviewed and approved of over several months by the pension committee to the Plan in 1996, the national convention of the Fleet Reserve

Association in 1996, and the National Board of Directors of the Fleet Reserve

Association and Plan Administrator Kaye. (See Exhibit 5  – minutes of Fleet Reserve

Association convention dated August 1996)

      23.     Corbel and Company and/or Milliman and Associates were never advised

 to change any of the provision of the 1996 Plan Document by anyone at the FRA

including Plan Administrator Kaye and the pension committee to the Defendant FRA

Pension Plan of the Fleet Reserve Association's attorneys.

      24.     The new Plan document containing the integrated benefit formula was

then submitted to the Internal Revenue Service in 1996 for its approval which was

finalized in 1997.

      25.     In 1998, Defendant FRA Pension Plan with the assistance of

Milliman USA also prepared a summary plan description that also contained the same

integrated benefit formula for lump sum retirement benefits and identical to the Plan

Document. (See Exhibit 1 – Summary Plan Description)

      26.     Plaintiff Cuthie was a vested plan participant in Defendant

FRA Pension Plan in 1996 when the changes were made to the Plan Document

incorporating the integrated benefit formula for calculating lump sum retirement benefits.

      27.    In 2001 at the annual Fleet Reserve Association National Convention

held in Boise, Idaho, Defendant Plan Administrator Bragg informed plan participants and

beneficiaries that the integrated benefit formula was the appropriate benefit formula for

the Defendant Fleet Reserve Association Pension Plan.

      28.    In 2001 and continuing into 2002, Defendant Plan Administrator Bragg

undertook a research project for purposes of terminating the Defendant FRA Pension

Plan at the request of and for the benefit of the Fleet Reserve Association. (See Exhibit 6-

Comments of Defendant Plan Administrator Bragg – the Defendant FRA Pension Plan).

29.    Defendant Plan Administrator Bragg conceded in his research and

comments in March 2002 that the benefit formula contained in the 1996 Plan Document

was for an integrated benefit formula for lump sum  retirement benefits and provided

examples of how the integrated benefit formula worked concerning participant's benefits.

(See Exhibit 6) Defendant Bragg had also served on the pension committee for several

years prior to 2002 and was intimately familiar with all previous Plan documents

including the 1996 Plan document and 1998 summary plan description.

30.    As a result of Defendant Plan Administrator Bragg's research, he wrote to

Milliman and  Associates acknowledging that the Plan had been amended and restated

effective July 1, 1989 and was not amended again until 1996 when "major amendments"

had been adopted as part of the 1996 Plan Document that had been approved by the

Internal Revenue Service. (See Exhibit 7 - letter from Defendant Bragg to Robert Dezube

dated March 6, 2002)

31.    In the letter dated March 2002, Defendant Plan Administrator Bragg never

stated that there were any errors in the Defendant FRA Pension Plan as a result of the

major amendments that had been adopted in 1996 including the integrated benefit

formula previously referenced in the Complaint for lump sum retirement benefits. (See

Exhibit 7 )

32.    Defendant Plan Administrator Bragg also in the March 2002 complained to

Milliman and Associates that the named plaintiffs had not received a "munificent"

retirement providing specific examples of payouts to participants using the integrated benefit formula in Section 5.1 of the Plan Document and asked whether an additional payment could be made to the named plaintiffs. (See Exhibit 6  – Employee Pension Plan Review and Research by Defendant Plan Administrator Bragg )

33.   In March 2002, after Defendant Plan Administrator Bragg wrote to the actuary for the Defendant FRA Pension Plan, he learned informally that certain vested plan participants' lump sum retirement benefits had in fact been miscalculated by its actuary based on a step formula and not the integrated benefit formula contained in the 1996 Plan document and that additional pension benefits should be paid to each of the named plaintiffs.

34.   In May 2006, Plaintiff Cuthie contacted Plan actuary Robert Dezube to inquire about his retirement benefits.

35. On June 28, 2006, Plaintiff Cuthie emailed specific information including his date of retirement to Plan Actuary Robert Dezube.

36. Plan Actuary Dezube did not calculate the lump sum retirement benefits for Plaintiff Cuthie but only provided information concerning the benefit formula for calculating a lump sum retirement benefit.

37.   On or about June 23, 2007, Plaintiff Cuthie requested lump sum retirement benefits with Defendant FRA Pension Plan based on the integrated benefit formula seeking the same identical amounts that Defendant FRA Pension Plan had been instructed by its actuary to pay to vested plan participants in May 2002. (See Exhibit 8 - email from Plaintiff Cuthie to Defendant Plan Administrator Bragg dated June 23, 2007)

38.   Plaintiff Cuthie made this request to Defendant Plan Administrator Bragg because he had been informed by plan actuary Robert Dezube in a 2006 telephone conversation that lump sum retirement benefits might be calculated using an integrated benefit formula. (See Exhibit 9 - email from Plaintiff Cuthie to Robert Dezube dated May 24, 2006)

39. On or about July 5, 2007, Defendant FRA Pension Plan acting through the Defendant Plan Administrator Bragg denied Plaintiffs' claims for additional pension benefits based on the integrated benefit formula because when the Cross litigation is concluded the FRA might be compelled to pay the Integrated Benefit formula but that is NOT the case today. (See Exhibit 10  - email from Defendant Plan Administrator Bragg to Plaintiff Cuthie dated July 2007)

40.   On or about August 27, 2007, Plaintiff Cuthie appealed Defendant Plan Administrator Bragg's refusal to pay him based on the integrated benefit formula. (See Exhibit 11- appeal letter from Plaintiff Cuthie to Defendant Plan Administrator Bragg dated August 27, 2007)

41.   On or about October 27, 2007, Plaintiff Cuthie was informed by Defendant Plan Administrator Bragg needed additional time to consider his appeal because of the impending litigation concerning the Plan and Mr. Cross. (Exhibit 12  letter from Defendant Plan Administrator Noel Bragg to Plaintiff Cuthie dated October 27, 2007)

42.   Defendant Plan Administrator Bragg knew as early as May 2002 that his proposal to terminate the Defendant FRA pension plan could not be effectuated if the Defendant FRA Pension Plan was required to pay additional amounts to Plaintiff Cuthie and other plan participants based on the  integrated benefit formula.

43.   Plaintiff's appeal was based on the specific terms of the 1996 Plan document to the Defendant FRA Pension Plan that required that the benefit formula for lump sum retirement benefits between 1996 and 2002 be based on an integrated benefit formula and not a step formula and other relevant information including Judge Quarles's previous decisions granting summary judgment to the Cross plaintiffs on September 28, 2006 and December 18, 2006 as to why he should be paid based on the integrated benefit formula. (See Exhibit 11  letter from Plaintiff Cuthie to Defendant Plan Administrator Bragg dated August 27, 2007)

44.   Defendant Bragg denied Plaintiffs' appeal on December 27, 2007.  (See Exhibit 13  – letter to Plaintiff Cuthie from Defendant Plan Administrator Bragg) Defendant Bragg specifically contended that the integrated benefit formula written into the Plan in 1996 occurred as a result of a scrivener's error although Defendant Bragg was unable to identify any specific individual that actually committed the alleged "scrivener's error" . (See Exhibit 13). In addition, Defendant Bragg also contended for the first time in denying the appeal that Plaintiffs' appeal was time barred because the Internal Revenue Service approved Defendant FRA's amendment retroactively reducing lump sum retirement benefits in November 2003. (See Exhibit 13)

45.   Defendant FRA Pension Plan did not reserve discretionary authority to its Plan Administrator or pension committee to review claims for additional benefits based on the 1996 Plan Document.

46.   Defendant Bragg's rationale for denying the additional pension benefits to Plaintiff Cuthie  is based on  legal doctrines under ERISA known as a "scrivener's error" and the statute of limitations and therefore Defendant Bragg's decision in

December 2007 is not entitled to any weight at all and must be reviewed de novo.

47.     Plaintiff Cuthie has now fully exhausted the claims procedure under the terms of the Plan Document for claims for additional benefits and their claims are ripe for adjudication by this Court.

### III (C) STATEMENT OF FACTS RELATING TO THE BREACH OF FIDUCIARY DUTY

48.     Under the terms of the Defendant FRA Pension Plan as amended in 1996, all plan participants were entitled to receive a lump sum benefit based on an integrated benefit formula not based on a step formula. (See Exhibit 1 - 1996 Plan Document – Section 5.1 and 1998 Summary Plan Description – Section 5.1)

49.     Plaintiff Cuthie and other similarly situated plan participants satisfied the vesting requirements in the Defendant FRA Pension Plan at the time of their retirement beginning in 1997 and continuing to the present time to lump sum retirement benefits from the Defendant FRA Pension Plan.

50.     Plaintiff Cuthie and other similarly situated plan participants did not receive the correct amount of their lump sum retirement benefits from the Defendant FRA Pension Plan beginning in 1996 and continuing to the present time and were entitled to additional retirement benefits based on an integrated benefit formula but instead were receiving lump sum retirement benefits based on a step formula. (See Exhibit 14 - letter from Noel Bragg to Vincent Cuthie dated July 2007)

51.     In March 2002, Defendant Plan Administrator Bragg learned that plan participants and beneficiaries were receiving lump sum retirement benefits based on the step formula and not the integrated benefit formula as required under the terms of the

1996 Plan document and 1998 Summary Plan Description.

52.  On May 21, 2002, Defendant FRA attorneys met with Defendant Plan Administrator Bragg. During this meeting, Defendant FRA's experienced employee benefit attorneys advised Defendant Bragg that he could not roll back benefits unless the change was totally unintentional from integrated to the step formula. Defendant FRA attorneys explained that it could only be considered a scrivener's error if all Plan documents and communications and reports about the Plan were devoid of any hint of the change from the step to the integrated benefit formula. Defendant FRA attorneys, therefore, requested that they be sent copies of all documents and communications. Furthermore, Defendant Bragg was advised that he should retain outside counsel.

53. On May 21, 2002, Defendant Plan Administrator Bragg was also advised by attorneys for the Defendant FRA that "Employer's interests are directly opposed to the Employee [plan participant and beneficiary's] interests. The Administrator is required by the Plan to operate the Plan 'exclusively for the benefit of the participants'. In this case, my interpretation is that, based on the Actuary's letter about the underpayments, I should be ordering the Trustee to make the appropriate distributions immediately." (See Exhibit 3  email from Defendant Plan Administrator Bragg to the President of Fleet Reserve Association dated May 21, 2002).

54.  Defendant Bragg already knew based on his submission to the 2001 Boise convention that there could be no roll back of benefits because he had already given a written presentation stating there was an integrated not a step benefit formula in the Defendant FRA Pension Plan and provided examples of how the integrated benefit formula worked in the 1996 Plan document to the Defendant FRA Pension Plan and also

complained that the integrated benefit formula did not provide a "munificent" retirement benefit and how the change from step to integrated benefit formula had actually occurred.

55. Defendant Bragg did not contact outside counsel as advised by Defendant FRA's experienced counsel.

56.  Defendant Bragg did not provide any documents to Defendant FRA's experienced counsel as he had been previously advised.

57. On or about July 8, 2002, Defendant Plan Administrator Bragg and the Defendant FRA and its national board of directors already knew from Defendant Plan Administrator Bragg's presentation to the Boise convention in 2001 that the integrated benefit formula was the correct benefit formula in the Plan documents for Defendant FRA Pension Plan.

58. On July 8, 2002, Defendant FRA and its national board of directors decided to reduce Plaintiff Cuthie and all other similarly situated vested plan participants' benefits in the Defendant FRA Pension Plan based on a written submission that there was an alleged scrivener's error in the 1996 Plan document.

59.  Defendant Plan Administrator Bragg knew that the written submission was replete with misstatements and misrepresentations of facts concerning the alleged scrivener's error based on his earlier presentation to the Boise convention in 2001 but took no action to correct the submission and neither did other members of the Defendant FRA national board of directors that were present at the 2001 Boise convention. The submission completely omitted Defendant Plan Administrator Bragg's presentation to the 2001 Boise convention.

60.    Defendant FRA's national board of directors and Defendant Bragg were warned in the written submission by the Defendant FRA's attorneys about the possibility of litigation if there was an attempt to change the benefit formula from an integrated to a step benefit formula by present and former plan participants in the Defendant FRA Pension Plan.

61.  Defendant FRA's national board of directors and Defendant Plan Administrator Bragg were  aware or should have been aware the Defendant FRA Pension Plan's insurance concerning such litigation had been dropped prior to 2002 and therefore the Defendant FRA Pension Plan would be solely responsible for the costs of the potential litigation out of plan assets.

62. Defendant FRA's national board of directors and Defendant Plan Administrator Bragg were also informed that any Plan amendment to the Defendant FRA Pension Plan could apply only prospectively to use the step and not the integrated formula with respect to future lump sum retirement benefits after the passage of the Plan amendment.

63.    Defendant Plan Administrator Bragg refused to participate in the decision to reduce Plaintiff Cuthie and other similarly situated plan participants lump sum retirement benefits from the integrated to the step formula even though he was the Plan Administrator of the Defendant FRA Pension Plan and forced the decision on the Board of Directors of the Defendant Fleet Reserve Association. As Plan Administrator, Defendant Bragg was required as a fiduciary to act at all times in the best interests of the plan participants regardless of the position of the employer sponsor.  Defendant Plan

17

Administrator Bragg already knew the Defendant FRA and its national board of directors were hostile to the interests of the plan participants including Plaintiff Cuthie.

64.   Defendant Plan Administrator Bragg acknowledged during the meeting when the Defendant FRA and its national board of directors made the decision to retroactively reduce Plaintiff Cuthie and other plan participant's lump sum benefits that litigation could be brought against the Defendant FRA Pension Plan because of the decision to retroactively reduce Plaintiff Cuthie and other similarly situated plan participants lump sum retirement benefits that already retired from 1997 to 2002.

65.   Defendant Plan Administrator Bragg also acknowledged that Defendant FRA Pension Plan might have a cause of action against Milliman and Associated that had prepared the 1996 Plan document that allegedly contained the scrivener's error. Defendant Plan Administrator Bragg never took any legal action against Milliman and/or authorize any legal action to be taken against Milliman and Associates on behalf of the Defendant FRA Pension Plan.

66.   Defendant Plan Administrator Bragg was again reminded after the meeting in July 2002 that several of the factual statements by Defendant FRA's attorney concerning the submission were untrue by the employee advisor to the FRA Pension Committee (Terry Yanette) but Defendant Plan Administrator Bragg gave no serious attention to the employee member of the FRA Pension Committee's concerns.

67.  In August 2002, Defendant FRA alone decided to submit to the Internal Revenue Service a notice of correction and Plan amendment concerning the Defendant FRA Pension Plan changing the benefit formula from an integrated to a step benefit

formula. (See Exhibit 14-letter dated August 28, 2002 from Webster, Chamberlain and Bean to the Internal Revenue Service)

68. Defendant Plan Administrator Bragg knew that the written submission was replete with factual errors and misrepresentations of fact concerning the alleged scrivener's error but nevertheless allowed the written submission to go forward to the Internal Revenue Service without ever correcting the submission. Defendant Plan Administrator Bragg did not sign the submission or advise the IRS concerning his 2001 presentation to the Boise convention which contradicted several of the factual statements made to the IRS about the alleged scrivener's error.

69. With respect to a Plan Amendment that was submitted to the Internal Revenue Service in August 2002, the Defendant FRA and its national board of directors never approved the Plan amendment before it was submitted to the IRS. Defendant Plan Administrator Bragg alone approved the amendment even though the Defendant FRA and its national board of directors had never formally approved it as required by Section 8.1 of the 1996 Pension Plan document.

70. The Plan amendment did not apply prospectively but rather retroactively to all plan participants in the Defendant FRA Pension Plan from 1996 until August 2002 despite the advice that Defendant FRA's attorneys had provided to the Defendant FRA's national board of directors and Defendant Plan Administrator Bragg that it could only apply prospectively to future service after the adoption of the amendment.

71. The Plan amendment not only adversely affected Plaintiff Cuthie in this case but numerous employees that had been and were currently employed by the Fleet Reserve Association in 2002 and were participants and beneficiaries in the Defendant

FRA Pension Plan by reducing both past and future accrual of their lump sum benefits that they would receive both before and after July 8, 2002.

72.    Defendant FRA and its national board of directors and Defendant Bragg did not obtain the necessary approval of the United States Department of Labor before implementing the 2002 amendment and retroactively reducing the lump sum retirement benefits of Plaintiff Cuthie and all other similarly situated plan participants from an integrated benefit formula to a step formula.

73.    Defendant FRA and its national board of directors and Defendant Plan Administrator Bragg have still failed to obtain the approval of the United States Department of Labor for the 2002 amendment that retroactively reduced Plaintiff Cuthie and all other similarly situated plan participants' lump sum retirement benefits in the Defendant FRA Pension Plan.

74.    Defendant FRA and its national board of directors and Defendant Plan Administrator Bragg failed to notify any plan participants or beneficiaries in writing prior to the implementation of the 2002 amendment that their future benefit accruals were being reduced including lump sum retirement benefits based on the above referenced Plan amendment reducing benefits from the integrated to the step formula..

75.    Defendant FRA and its national board of directors and Defendant Bragg also failed to send out a summary of material modifications to plan participants and beneficiaries concerning the July 2002 amendment to any the plan participants and beneficiaries.

76.    In July 2003, Defendant FRA and its national board of directors through its counsel were asked specifically asked by the IRS about how plan and participants and

beneficiaries in the Defendant FRA Pension Plan were informed about the benefit

formula. Defendant FRA through its counsel failed to inform the IRS about the written

presentation by Defendant Bragg from the 2001 Boise convention advising about the

integrated benefit formula and examples of how that benefit formula worked as well as

how it had been adopted in 1996 and thereafter repeatedly ratified and approved.

77.  In August 2003, the IRS based on the misstatements of fact and

misrepresentations approved the change from the integrated to the step benefit formula in

the Defendant FRA Pension Plan.

78.  Defendant FRA and its National Financial Secretary Jerry Sweeney not

Defendant Plan Administrator Bragg signed the notice approving the change in the

benefit formula under penalties of perjury in August 2003. Mr. Sweeney had no

knowledge of the truthfulness of the statements previously submitted to the Internal

Revenue Service in 2002 and 2003.

79. In 2004, Defendant FRA through its attorneys again sent a written submission

to the U.S. Department of Labor regarding actions by Defendant Bragg and other

members of the Defendant FRA's National Board of Directors.

80.  The submission again repeated many of the same misstatements of fact and

misrepresentations that Defendant Plan Administrator Bragg and other members of the

Defendant FRA and its national board of directors knew were untrue.

81.  Defendant Plan Administrator Bragg's actions as listed in paragraphs 48

through 80 were motivated by his desire to become National Financial Secretary which

was a paid position with Defendant FRA which he coveted for more than ten years prior

to 2001. In addition, Defendant Plan Administrator Bragg's actions in paragraph 48

through 80 were also motivated by his desire to terminate the Defendant FRA Pension

Plan which was overfunded and offer the overpayment to Defendant FRA so that it could

set up a 401K Plan in lieu of the Defendant FRA Pension Plan.

82.   The United States Department of Labor held that Defendant Bragg and

Defendant FRA acting through its national board of directors had breached their fiduciary

duty under ERISA as a result of action that Defendants took with respect to the

Defendant FRA Pension Plan.

83.   As a result of the lack of insurance and breaches of fiduciary duty by

Defendant Plan Administrator Bragg and the Defendant FRA acting through its national

board of directors, the Defendant FRA Pension Plan had to expend hundreds of thousands

of dollars out of Plan assets to pay for unnecessary legal fees and other expenses in the

case of *Cross et.al. v. Fleet Reserve Association Pension Plan* and are continuing to pay

additional legal fees for an appeal in that case.

## IV.   JURISDICTION AND VENUE

84.   Plaintiff Cuthie bring this action pursuant to the Employee Retirement

Income Security Act of l974.

85.   Venue is proper because Plaintiff Cuthie lives in Maryland and additional

retirement benefits would be received by Plaintiff Cuthie in Maryland. In addition, the

retroactive reduction of accrued benefits based on the plan amendment in 2002 adversely

affected additional retirement benefits that Plaintiff Cuthie would have received in

Maryland.

## V.   STATEMENT OF FACTS CONCERNING CLASS ACTION

86.     In 2002 and 2003, the Defendant FRA Pension Plan had at least twenty (20) plan participants that were adversely affected by the actions taken by Defendant Plan Administrator Bragg and Defendant FRA.

87.  There are questions of law or fact common to the class.

88. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

89. Plaintiff Cuthie will fairly and adequately protect the interests of the class.

## COUNT ONE

## (ERISA  - STATUTORY VIOLATION)

90.     Plaintiff Cuthie reincorporate, realleges and reaffirm all of the allegations in of this Complaint as if fully set forth herein in Count Two.

91.     Plaintiff Cuthie brings this count pursuant to 29 U.S.C. Section 1054 (g) and (h) and 1082 (c)  of the ERISA on behalf of himself as well as all other similarly situated plan participants and beneficiaries in the Defendant  FRA Pension Plan.

92.     All Defendants were required by ERISA to contact the Secretary of Labor prior to amending the FRA Pension Plan that retroactively reduced plan benefits.

93.     All Defendants did not obtain the Secretary's approval and could not obtain the Secretary's approval because the integrated benefit formula did not cause an accumulated funding deficiency in 2002  or any other year because the Defendant FRA Pension Plan has had surpluses from 1996 to the present and continuing.

94.     All Defendants did not choose any other reasonable alternative

to a retroactive reduction in lump sum retirement benefits except through the amendment that was adopted in July 2002.

95.     All Defendants did not send a written notice to all plan participants and beneficiaries notifying them that their future accrual of benefits would be reduced as a result of the July 2002 amendment.

96.     Plaintiff Cuthie and all other similarly situated plan participants and beneficiaries were injured as a result of Defendants' failure to comply with the appropriate statutory provisions of the ERISA by not first obtaining the approval of the Secretary of Labor for a Plan amendment that retroactively reduced their retirement benefits and not sending notices to all plan participants and beneficiaries that their future accrual of benefits would be adversely affected..

Wherefore, Plaintiff Cuthie respectfully requests that this Court: (a) immediately enjoin and order all Defendants to either rescind the 2002 amendment or not apply the amendment to the Plaintiff and all other similarly situated plan participants and beneficiaries applying for lump sum benefits after July 2002 and that Defendants be ordered to continue to pay benefits based on the integrated benefit formula contained in the 1996 Plan document; (b)that all Defendants pay attorneys fees and costs to Plaintiff Cuthie; (c) that this Court certify this Count for class action status; (d) that Defendant Bragg be removed as Plan Administrator of the Defendant Fleet Reserve Association Pension Plan and (e) for such other and further relief as justice may require including but not limited to establishing a common fund to benefit all eligible plan participants of the Defendant FRA Pension Plan.

## COUNT TWO

## (ERISA – CLAIM FOR ADDITIONAL PENSION BENEFITS)

97.    Plaintiff Cuthie reincorporates, realleges and reaffirms all of the allegations in Complaint as fully set forth herein in Count Two.

98.    Plaintiff Cuthie brings this action pursuant to 29 U.S.C.29 U.S.C. Section 1132 (a)(1))(b).

99.    The Plan Defendant (Defendant FRA Pension Plan) and Defendant Bragg's decision to deny Plaintiff Cuthie's claim for additional benefits and appeal in 2007 was erroneously denied based on the aforementioned reasons set forth earlier in this complaint.

100.    The Plan Defendant and Defendant Bragg's decision was not based on the terms of the existing plan documents in effect in 1996 and 1998 which provided that all vested plan participants including all named plaintiffs were entitled to receive lump sum retirement benefits based on an integrated benefit formula when they retired.

101.    The Plan Defendant and Defendant Bragg's denial of additional retirement benefits based on a "scrivener's error" was both factually and legally erroneous. In addition, Defendant Bragg could not reduce Plaintiff Cuthie's past accrued benefits prior to July 2002 based on an alleged scrivener's error due to legal advice furnished to Defendant Bragg by attorneys for the Defendant FRA in July 2002 but he nevertheless refused to pay lump sum retirement benefits to Plaintiff Cuthie based on the integrated benefit formula for Plaintiff Cuthie's service in the Defendant FRA Pension Plan from 1989 through 2002.

102..    The Plan Defendant and Defendant Bragg's denial of additional retirement

benefits based on an argument that it was barred by the statute of limitations was also erroneous because the statute of limitations did not begin to run concerning this count of the complaint until a claim for additional benefits based on the integrated benefit formula was filed and denied which did not occur until 2007.

Wherefore,  Plaintiff Cuthie requests that this Court grant the following relief:

(a) That the Court enter judgment in Plaintiff's Cuthie favor and against Defendant FRA Pension Plan and that the court order the Defendant FRA Pension Plan to pay benefits based on an integrated benefits formula and pursuant to Exhibit 1 of this Complaint; (b) that the court award attorney fees and costs pursuant to 29 U.S.C. §1132(g) to Plaintiff Cuthie; (c) that this Court order all Defendants to pay interest to Plaintiff Cuthie from the time of his retirement until the present and continuing (d) that Plaintiff Cuthie recover any and all relief to which he may be entitled;

## COUNT THREE

## (BREACH OF FIDUCIARY DUTY)

103. Plaintiff Cuthie reincorporates, realleges and reaffirms all of the allegations in this Complaint and brings this count on behalf of himself and on behalf of the Defendant Fleet Reserve Association Pension Plan and all other similarly situated plan participants and beneficiaries.

104.  Plaintiff Cuthie brings this count pursuant to 29 U.S.C. Section 502 (a)(2) and (3) of ERISA.

105.    Defendant Plan Administrator Bragg and Defendant FRA had a fiduciary duty under ERISA including a duty of loyalty to act in the best interest of plan participants including Plaintiff Cuthie in this case and to act in accordance with existing

plan documents and to act exclusively for the benefit of the participants and beneficiaries.

106.   Defendant Plan Administrator Bragg and Defendant FRA had also been advised by their own actuary and attorney advisors in May 2002 that all plaintiffs were entitled to additional retirement benefits based on the integrated benefit formula in the plan document in May 2002 and that the Plan could not refuse to pay the additional benefits unless all Plan documents and communications and reports about the Plan were devoid of any hint of the change from the step to the integrated benefit formula.

107.   Defendant Plan Administrator Bragg already knew that his own 2001 report to the Boise convention contained such documents and therefore the scrivener's error defense could not be pursued.

108.   Defendant Plan Administrator Bragg and Defendant FRA breached their fiduciary duties by not acting in the best interest of plan participants including Plaintiff Cuthie in this case and not in accordance with existing plan documents and the written instructions of the plan's actuaries and not for the exclusive benefit of the plan participants and beneficiaries by raising the scrivener's error defense and retroactively reducing plaintiffs' lump sum retirement benefits from an integrated benefit formula as provided in the 1996 plan document and changing it through an amendment to a step formula only and expending hundreds of thousands of dollars in Plan's assets to defend the case of *Cross v. Bragg*.

109.   Defendant Plan Administrator Bragg and Defendant FRA also breached their fiduciary duty by failing to comply with a statutory requirement under the ERISA by not first obtaining the approval of the United States Department of Labor before retroactively reducing the lump sum retirement benefits of  plaintiffs in this case in

2002 through an amendment to the Defendant FRA Pension Plan and never even

contacted the Secretary to advise her of the retroactive reduction of  accrued benefits

suffered by plaintiffs.

110.   Defendant Plan Administrator Bragg and Defendant FRA also breached

their fiduciary duty by failing to notify all current plan participants and beneficiaries that

their future accrual of benefits by a 2002 amendment that was submitted to the IRS in

August 2002.

111.  Defendant Plan Administrator Bragg and Defendant FRA also breached

fiduciary duty by submissions to the Internal Revenue Service that were knowingly

untrue for the purpose of changing the benefit formula from the integrated to the step

benefit formula.

112. Defendant Plan Administrator Bragg and Defendant FRA breached their

fiduciary duty by submissions to the United States Department of Labor that were

knowingly untrue for the purpose of hiding their previous breaches of fiduciary duty and

their real motivations were attempting to change the benefit formula back to the step

formula.

113.   Plaintiff Cuthie and others were injured as a result of all  Defendant

Bragg and FRA's failure to comply with their fiduciary duty and the statutory provisions

of the ERISA by the amendment changing the Plan document from an integrated benefit

formula to a step formula in July 2002.

114.   Defendant FRA Pension Plan was injured as a result of Defendant Bragg

and FRA's breach of fiduciary duty by requiring the Plan to pay hundreds of thousands of

dollars in unnecessary costs for legal fees as a result of their breaches of fiduciary duty by

insisting on asserting a defense of a scrivener's error when both knew that such a defense should never have been raised.

Wherefore, Plaintiff Cuthie respectfully request that this Court on behalf of himself and the Defendant FRA Pension Plan: (a) immediately enjoin and order Defendant Bragg and FRA to either rescind the 2002 amendment or not apply the amendment to the Plaintiffs and all other similarly situated plan participants and beneficiaries applying for benefits after July 2002; (b)that Defendants pay attorneys fees and costs to Plaintiffs; (c) that this Court certify this Count for class action status; (d) that Defendant Bragg be removed as Plan Administrator of the Defendant FRA Pension Plan and (e) that Defendant FRA and Bragg be ordered to reimburse Defendant FRA Pension Plan for all costs, expenses and fees incurred out of plan assets as a result of their breaches of fiduciary duty; (f) and establish a common fund for the benefit of all eligible plan participants..

/s/
_____
Richard P. Neuworth (Bar #01052)
Stephen B. Lebau (Bar #07258)
Lebau & Neuworth, L.L.C.
606 Baltimore Avenue –Suite 201
Baltimore, Maryland 21204
(410) 296-3030
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  31st day of March, 2008, I served a copy of the Amended Complaint on the Honorable Henry Paulson, 1400 Pennsylvania Avenue, N.W., Washington, D.C. 20006 and the Honorable Elaine Chao, 200 Constitution Avenue, N.W., Washington, D.C. 20210

/s/

_____

Richard P. Neuworth