IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| VINCENT CUTHIE | * | |
|     Plaintiff, | * | |
|       v. | * | CIVIL NO.:  WDQ-08-0800 |
| FLEET RESERVE ASSOCIATION, | * | |
| *et al.,* | * | |
|     Defendants. | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Vincent Cuthie sued Fleet Reserve Association ("FRA") and Noel Bragg, under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] For the following reasons, the Defendants' motions to remand the proceedings to the plan administrator and for judgment on the pleadings as to Count I will be denied. Their motion for judgment on the pleadings as to Count III will be granted in part and denied in part. Cuthie's motions for leave to file a second amended complaint and to certify a class as to Count I will be granted.

---

[1] 29 U.S.C. §§ 1001, *et seq.*

I.   Background[2]

        FRA is the employer sponsor of the Fleet Reserve
Association Pension Plan ("the Plan"), a defined pension benefit
plan adopted in 1972.  2d Am. Compl. ¶¶ 7-8.  Bragg is the Plan
Administrator, and Cuthie is a vested participant and
beneficiary of the Plan.  *Id.* ¶¶ 1,8.  Cuthie has sued the
Defendants for: (1) amending the Plan in violation of ERISA
(Count I); (2) improperly denying his claim for additional
benefits (Count II); and (3) various breaches of fiduciary duty
(Count III).

       FRA first restated the terms of the Plan in 1989 to provide
for calculation of accrued benefits using a step formula; in
1996 the Plan was amended to use an integrated benefit formula,
which provided a higher rate of benefit accrual.  *Id.* ¶¶ 20-22,
59.[3]  Despite the amendment, the Plan continued to calculate
benefits under the step formula following the 1996 amendment.

        In spring 2002, the FRA board of directors appointed Bragg
as plan administrator.  *Id.* at ¶ 6.  Shortly thereafter, he

---

[2] For the Defendants' motion for judgment on the pleadings, the
well-pled allegations in Cuthie's complaint are accepted as
true.  *See Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th
Cir. 1993).

[3] The step formula provides for a lesser rate of benefit accrual
for the portion of a participant's compensation that exceeds a
stated amount (the "integration level").  The integration
formula provided a greater rate of benefit accrual for
compensation in excess of the integration level.

became aware that continued application of the step formula could be incorrect. While investigating the matter, Bragg met with FRA's counsel who advised him that the step formula could not be applied to calculate benefits unless the 1996 change was "totally unintentional." *Id.* at ¶¶ 61-62.

Cuthie alleges that FRA's attorney asked Bragg to send FRA all documents about the 1996 amendment, to assess whether the change was unintentional; Bragg did not. *Id.* ¶¶ 64, 69. Instead, during a July 2002 meeting, Bragg recommended that FRA's board of directors retroactively return the plan to the step formula. *Id.* ¶¶ 13-14. The directors approved this amendment (the "2002 amendment"). *Id.* ¶ 14.

FRA then submitted a notice of correction and plan amendment to the Internal Revenue Service seeking to return to the step formula for tax purposes. Am. Compl., Ex., 10 at 1. The notice of correction stated: "[b]ecause [FRA] believes the change to the benefit formula is the result of a scrivener's error, it requests a compliance statement permitting it to amend the stated benefit formula to conform to the intended benefit formula." *Id.* According to Cuthie, FRA and Bragg knew the submission was inaccurate and that changing the formula could result in litigation. 2d Am. Compl. ¶¶ 74, 77-78.

FRA did not obtain approval of the Secretary of Treasury before adopting the 2002 amendment, and still has not obtained

approval for the change. *Id.* ¶¶ 16-17. Also, FRA did not notify Plan participants that their future benefit accrual rate would be reduced, as ERISA requires. *Id.* ¶ 18.

In June 2007, Cuthie requested his lump sum retirement benefits based on the integrated benefit formula. *Id.* ¶ 31. Bragg denied his claim in July 2007. *Id.* On March 31, 2008 Cuthie sued the Defendants. Paper No. 1.

Cuthie is not the only Plan participant who has sued the Defendants. In 2005, a group of former FRA employees sued on similar claims. *Cross v. Fleet Reserve Assoc. Pension Plan,* No. WDQ-05-0001 (D. Md. Jul. 3, 2007). The Fourth Circuit affirmed this Court's grant of summary judgment to the plaintiffs on their claim for additional benefits. *Cross, et al., v. Fleet Reserve Assoc. Pension Plan*, No. 07-1699 (4th Cir. Jul. 24, 2009).

In accordance with *Cross*, FRA has amended the Plan to apply the integrated benefit formula to benefits accrued before the January 1, 2004 effective date of the 2002 amendment. Noel Bragg Aff. ¶ 4, Apr. 5, 2010. Benefits accrued after the effective date are calculated under the step formula. *Id.*

II.  Analysis

A.  Motion for Leave to File Amended Complaint

Cuthie seeks leave to amend his complaint by removing Count I against Bragg and changing references to the Secretary of Labor to the Secretary of the Treasury.  ¶ 6.

Under Fed. R. Civ. Pro. 15(a), leave to amend a pleading "shall be freely given when justice so requires."  The decision whether to grant leave is within the sound discretion of the district court, but "the federal rules strongly favor granting leave to amend."  *Medigen of Kentucky, Inc., v. Pub. Servs. Comm'n,* 985 F.2d 164, 168 (4th Cir. 1993).  Leave should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Edwards* v. *City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999)(internal citations omitted).

Count I of the complaint and first amended complaint allege ERISA violations and gives FRA notice of the legal basis of the claim.  Because the amendment of the complaint is neither prejudicial nor futile, and there is no indication that the amendment is in bad faith, Cuthie's motion for leave to file a second amended complaint will be granted.

B.   Motion to Remand to the Plan Administrator

The Defendants have moved to stay this case so Cuthie's claims may be remanded to Plan Administrator Bragg to recalculate Cuthie's accrued benefits in accordance with *Cross*. Paper No. 25.  The Defendants argue that Cuthie's suit has been mooted by *Cross* because the Plan has been reformed to calculate benefits accrued before the 2002 amendment with the integrated benefit formula.  Def. Mot. Remand 1-2.  Cuthie argues that *Cross* did not address his claims, and remand is inappropriate. Pl.'s Opp'n Mot. 2-5.

Remand to a plan administrator is a remedy that may be imposed when a plan administrator has not provided a full and fair review of a beneficiary's appeal. *Gagliano v. Reliance Standard Life Ins. Co.,* 547 F.3d 230, 240 (4th Cir. 2008). Remand may also be appropriate when "the administrator lacked adequate evidence on which to base a decision" and "that evidence can be reviewed by the administrator rather than bringing the additional evidence before the court."  *Elliott v. Sara Lee Corp.,* 190 F.3d 601, 608-09 (4th Cir. 1999).  If Cuthie's claims were within *Cross*, remand to Bragg would be appropriate. However, the merits of Cuthie's claims were not decided in *Cross*.

Count I alleges that FRA violated ERISA by changing the accrual formula in 2002 without the Secretary of Treasury's

approval or notice to plan beneficiaries.  Count II, Cuthie's
claim for additional benefits, seeks to apply the integrated
formula to benefits accrued since 1996 on the theory that the
2002 amendment did not lawfully amend the Plan retroactively or
prospectively.  2d Am. Compl. ¶ 122.

The *Cross* plaintiffs lacked standing to challenge the 2002
amendment because their benefits accrued before FRA's approval
of the amendment.  *Cross, et al., v. Fleet Reserve Association
Pension Plan,* No. WDQ-05-0001, 5-8 (D. Md. Jul. 3, 2007).  The
*Cross* plaintiffs had standing to challenge only the amendment's
retroactive application. *Id.*

Unlike the *Cross* plaintiffs, Cuthie received no benefits
before the 2002 amendment; he was employed by FRA and his
pension account was accruing funds.  2d Am. Compl. ¶ 31.
Cuthie, in Counts I and II, challenges the prospective
application of the 2002 amendment.  *Id.* ¶¶ 111, 122.  Counts I
and II have not been mooted by *Cross,* and remand of these Counts
would be inappropriate.

The Defendants appear to argue that Count III should be
remanded or dismissed because it is a disguised claim for
additional benefits and duplicates Count II.

Count III alleges various breaches of fiduciary duty;
remand is inappropriate because the remedy sought is removal of
Bragg as Plan Administrator and reimbursement to the Plan for

all losses from the alleged breaches, not additional benefits. 2d Am. Compl. ¶ 133. Count III is not a disguised claim for additional benefits.[4]

The breach of fiduciary duty claims are premised on FRA's failure to properly appoint and supervise Bragg and Bragg's failure to act in the best interests of Plan participants. These alleged breaches culminated in the improper denial of benefits and litigation funded by Plan assets. 2d Amend. Compl. ¶¶ 90, 100.

Count III is distinct from Cuthie's claim for additional benefits and should not be remanded. *Smith v. Sydnor,* 184 F.3d 356, 362-63 (4th Cir. 1999)(fiduciary duty claim was not disguised claim for additional benefits when plaintiff alleged that defendants engaged in self-dealing conduct which depleted value of plan). The Defendants' motion to remand Cuthie's claims for Bragg's evaluation will be denied.

C.  Motion for Judgment on the Pleadings

1. Standard of Review

Under Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings may be filed after the defendant has answered the

---

[4] When an ERISA action for breach of fiduciary duty is actually a claim for additional benefits, the breach of fiduciary duty claim cannot be maintained. *Smith v. Sydnor,* 184 F.3d 356, 362 (4th Cir. 1999)(noting that ERISA's breach of fiduciary duty provisions are not intended to allow plaintiffs to seek additional benefits before exhausting administrative remedies under a plan).

complaint.  A 12(c) motion for judgment on the pleadings is reviewed under the Rule 12(b)(6) motion to dismiss standard. *Walker v. Kelly,* 589 F.3d 127, 139 (4th Cir. 2009).  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).

Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Row Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'" to present a facially plausible complaint.  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557).  Rather, a complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not shown---that the pleader is entitled to relief." *Id.* (internal quotations marks omitted).

In reviewing a Rule 12(b)(6) motion, the Court views the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded allegations. *Myland Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain,* 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable interferences," *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002).

2. Count I

The Defendants' motion for judgment on the pleadings on Count I is premised on the argument that Cuthie has failed to state a claim under 29 U.S.C. § 1054 because he "bases his claim on the alleged failure of the defendants to give notice to the Secretary of Labor" and "[t]here is no allegation that notice was not provided to the Secretary of the Treasury, to whom the statute directs notice." Defs.' Mot. J. Plead. Count I 2. Cuthie's second amended complaint corrects this drafting error.

Thus, the Defendant's motion for judgment on the pleadings on Count I will be denied.

### 3. Count III Against FRA

Although pled as one count, Count III alleges several breaches of fiduciary duty by FRA. To state a claim for breach of fiduciary duty under ERISA, the plaintiff must allege: (1) that the defendant was a fiduciary, (2) who was acting within his fiduciary capacity, and (3) breached his duty. *In re Morgan Stanley ERISA Litig.,* 696 F. Supp. 2d 345, 353 (S.D.N.Y 2009). A person or entity is only an ERISA fiduciary if identified as such in the plan documents, 29 U.S.C. § 1102(a)(2), or to the extent:

> (i) he exercises any discretionary authority or discretionary control respecting management of [the] plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice . . . with respect to any moneys or other property of such plan . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of the plan.

29 U.S.C. § 1002(21)(A).

Thus, "[t]he threshold question in an action charging breach of a fiduciary duty under ERISA is not whether the actions of some person . . . adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary, that is, performing a fiduciary function, when taking

the action subject to complaint." *In re WorldCom, Inc.,* 263 F. Supp. 2d 745, 757 (S.D.N.Y. 2005).

ERISA fiduciaries are required to discharge their duties "solely in the interest of the participants and beneficiaries," and "for the exclusive purposes of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan," 1104 U.S.C. (a).[5] Fiduciaries are liable for breach of their duties under 29 U.S.C. § 1109(a).

### a. Amendment of the Plan

Cuthie's first fiduciary breach claim alleges that FRA breached its duty by improperly amending the Plan to

---

[5] Fiduciaries must discharge their duties:

> (B)    with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;
>
> (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and
>
> (D)    in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

29 U.S.C. § 1104 (a)(1).

retroactively reduce benefits.  2d Am. Compl. ¶ 130.  To
accomplish this improper amendment, FRA made "material
misrepresentations to the U.S. government about the Plan" and
failed to properly notify Plan participants and beneficiaries.
*Id.*  Defendants argue that this claim fails because FRA did not
act as an ERISA fiduciary when it amended the Plan.  Defs.' Mot.
J. Plead. Count III 10.

When plan sponsors adopt, modify, or terminate a plan their
actions are analogous to settlors of a trust, who are not
fiduciaries.  *Lockheed Corp. v. Spink,* 517 U.S. 882, 890(1996)
("Employers or other plan sponsors are generally free under
ERISA, for any reason at any time, to adopt, modify, or
terminate [pension] plans.").  Because the functions enumerated
in ERISA's definition of fiduciary do not include plan design,
"[p]lan sponsors who alter the terms of a plan do not fall into
the category of fiduciaries," and "the act of amending a pension
does not trigger ERISA's fiduciary provisions."  *Id.* at 890-91.
*See also Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1465 (4th
Cir. 1996)("a plan sponsor does not become a fiduciary by
performing settler-type functions such as establishing a plan
and designing its benefits".)

As a matter of law, FRA, a plan sponsor, was not a
fiduciary when it amended the Plan's accrual formula.
Accordingly, Cuthie's claim that FRA breached its fiduciary duty

by amending the plan to retroactively reduce benefits will be dismissed.

### b. Failure to Insure

Next, Cuthie alleges that FRA breached its fiduciary duties by "not ensuring that the Plan or its Administrator had insurance to cover the fees, costs, and judgment in the *Cross* litigation and in this case." 2d Am. Compl. ¶ 130. As a result, the Plan paid "huge attorneys fees and costs." *Id.*

This claim fails as a matter of law because the decision to purchase liability insurance is a matter of plan design and not a fiduciary act under ERISA. *See Miller v. Mellon Long Term Disability Plan*, -- F. Supp. 2d ---, 2010 WL 595568, at *14 (W.D. Pa. June 25, 2010). FRA was not a fiduciary when it decided not to insure the Plan. This claim will be dismissed.

### c. Duty to Properly Monitor Appointees

Cuthie's third fiduciary breach claim alleges that FRA breached its duty by improperly monitoring and retaining Bragg as plan administrator. 2d Am. Compl. ¶ 98. The complaint asserts that FRA knew, based on a May 21, 2002 email, that Bragg was aware application of the step formula was incorrect and not in the best interest of plan participants. *Id.* ¶ 13. Following the email, Bragg proposed that the FRA board of directors amend the Plan to retroactively reduce participants' benefits by applying the step formula. *Id.* ¶ 14. Despite knowledge that

Bragg was acting against the interests of plan participants, FRA never investigated Bragg. *Id.* ¶¶ 98-99. Defendants contend that these allegations are insufficient under the pleading standards of *Towmbly* and *Iqbal*. Defs.' Mot. J. Plead. Count III 8-10.

The power to remove a plan administrator is "discretionary authority" over plan management or administration. *Coyne & Delany,* 98 F.3d at 1465. Thus, plan sponsors who retain such authority are ERISA fiduciaries in the exercise of that power.[6] The power to remove carries with it "a duty to monitor appropriately those subject to removal." *Id.* (internal quotations marks omitted). The sponsor's failure to investigate wrongful acts of the appointee, of which the sponsor has notice, may breach this duty.[7]

Here, the plan documents empower FRA to remove the administrator "from time to time as it deems necessary for the

---

[6] *Coyne & Delany Co., v. Selman,* 98 F.3d 1457, 1465 (4th Cir. 1996) ("In such a case, [the plan sponsors] exercise discretionary authority or discretionary control respecting management of such plan and are, therefore fiduciaries with respect to the plan. However their responsibility, and consequently their liability, is limited to the selection and retention of fiduciaries.")(internal quotation marks omitted).

[7] *See Newton v. Van Otterloo,* 756 F. Supp. 1121, (N.D. Ill. 1991)(directors did not breach fiduciary duty by failing to properly monitor plan administrator because there was "nothing that could be deemed to have put the Board members on notice of possible misadventure by their appointees").

proper administration of the Plan and to assure that the Plan is being operated for the exclusive benefit of the Participants." Paper No. 38, Ex. 1 at ¶ 2.3.  Thus, Cuthie has alleged that FRA was a fiduciary.[8]  Cuthie has also alleged that FRA knew Bragg's conduct conflicted with the interests of Plan participants and did not investigate or remove Bragg.  These allegations state a claim for breach of fiduciary duty under ERISA.

### d. Duty to Avoid Conflicts

The complaint alleges that FRA breached its fiduciary duty by appointing Bragg as Plan Administrator, when "he was not qualified" due to "conflicts of interest that prevented him from properly serving in that position."  2d Am. Comp. ¶ 131.  It is further alleged that "Bragg campaigned and ran to be selected as a paid employee and officer of [FRA] before . . .  he was Plan Administrator," and that "[a]t the time . . . FRA appointed . . . Bragg [he] had previously unsuccessfully attempted as chairman of the pension committee to terminate [the Plan]."  *Id.* ¶¶ 54, 60.  FRA contends that these allegations do not state a claim for breach of fiduciary duty because they do not adequately

_____

[8] Generally, a court may only consider the pleadings themselves on a motion to dismiss. Documents attached to the complaint are considered part of the pleading.  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").  As Cuthie has attached the Plan to his Complaint, it is part of the pleadings.

allege that Bragg was unqualified to serve as plan administrator. Defs.' Mot. J. Plead. Count III 10-11.

Plan sponsors have a fiduciary duty not to appoint administrators whose interests conflict with those of the plan beneficiaries. *See in re Morgan Stanley,* 696 F. Supp. 2d at 365-66. A conflict of interest *may* exist when the administrator has a financial interest in the plan sponsor or the performance of the plan sponsor's stock. *See id.* However, a plan administrator is not conflicted simply because he is employed by, or serves at the will of, the plan sponsor. *Johannssen v. Dist. No. 1-Pac. Coast Dist., MEBA Pension Plan,* 292 F.3d 159, 176 n.14 (4th Cir. 2002). An administrator's "mere status as [an] employee[] is not actionable." *In re Honeywell Int'l ERISA Litig.,* No. 03-1214, 2004 WL 3245931, at *13 (D.N.J. Sept. 14, 2004).

Here, Cuthie has alleged that Bragg was unqualified to serve as plan administrator because he had previously worked for FRA. This does not show that Bragg operated under a conflict of interest that made his appointment inappropriate. *Id.* Because Cuthie has not stated a conflict when Bragg was appointed by FRA, the appointment could not have breached FRA's fiduciary duty. Accordingly, that claim will be dismissed.

### e. Failure to Adhere to Plan Terms

Cuthie's final claim alleges that FRA breached its duty by "not acting in accordance with the plain and unambiguous governing Plan benefit terms." 2d Am. Compl. ¶ 130. Cuthie has not stated what terms were breached or how, or that FRA was an ERISA fiduciary when violating the Plan terms. The pleadings do not permit a reasonable inference that FRA is liable for breach of fiduciary duty on this basis. *Iqbal,* 129 S. Ct. at 195. This claim does not meet the requirements of notice pleading and must be dismissed.

### 4.   Count III Against Bragg

Count III alleges a breach of fiduciary duty claim against Bragg. Cuthie alleges that as Plan Administrator, Bragg breached his duty to act in the best interest of the Plan's participants when he recommended that the FRA retroactively reduce benefits by applying the step formula. *Id.* ¶¶ 12-13, 52. When Bragg recommended the amendment, he knew it was against the interests of plan participants. *Id.* ¶¶ 12. Because of the amendment, FRA and Bragg were subject to litigation, which was funded out of, and depleted, Plan assets. *Id.* ¶¶ 88-90. The Defendants argue that this claim is insufficient under *Twombly* and *Iqbal.* Defs.' Mot. J. Plead. Count III 3-6.

The plan administrator is an ERISA fiduciary. *See Provident Life & Accident Ins. Co. v. Cohen,* 423 F.3d 413, 424 (4th Cir.

2005).  He must "discharge his duties . . . solely in the interest of the participants and beneficiaries."  29 U.S.C. § 1109(a)(1).  A claim for breach of fiduciary duty may be alleged by showing that the administrator "acted with an eye only toward the interests of [the plan sponsor], and not toward [plan participants and beneficiaries]."  *Corrado v. Life Investors Owners Participation Trust and Plan,* No. DKC 2008-0015, 2009 WL 3062320, at *7-8 (D. Md. Sept. 21, 2009).

Cuthie has alleged that Bragg, a plan fiduciary, acted in the interests of FRA not the plan participants when he recommended the retroactive amendment.  Cuthie has stated a sufficient basis for a reasonable inference that Bragg breached his fiduciary duty.  The motion to dismiss that claim against Bragg will be denied.

D.   Motion for Class Certification

Cuthie seeks to certify a class of "all 19 Plan participants who have been adversely affected by the lesser step benefit accrual based on the . . . defective and ineffective [2002] amendment" for Count I of his Complaint.[9]  Pl.'s Reply Mot. Certify Class 3.  The Defendants argue that certification is inappropriate because the requirements of Rule 23(a) have not been met, and because a class action is not a superior method

---

[9] This proposed class includes all Plan participants whose accounts continued to accrue benefits after the 2002 amendment.

for resolving the controversy.  Defs. Opp'n Mot. Certify Class 8.[10]

Fed. R. Civ. Proc. 23(a) requires that: (1) the class be so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

The action also must meet one of the following requirements: (1) prosecuting separate actions would create a risk of inconsistent adjudications; (2) injunctive relief or declaratory relief is appropriate respecting the class as a whole because the defendant's act or failure to act applies generally to the class as a whole; or (3) common questions of law or fact predominate over any individual questions and a class action is a superior method to adjudicating the controversy.  Fed. R. Civ. Pro. 23(b).  The burden of establishing class status is on the plaintiff.  *Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.,* 659 F.2d 1259, 1267 (4th Cir. 1981).

---

[10] The Defendants have also submitted a motion for leave to file a supplemental memorandum in opposition to the Plaintiff's motion for class certification.  Paper No. 34.  Because the Plaintiffs have not opposed this motion, the Court has considered the supplemental memorandum.

### 1. Numerosity

Numerosity is satisfied when the class is "so numerous that joinder of all members is impracticable." *Brady v. Thurston Motor Lines,* 726 F.2d 136, 145 (4th Cir. 1984). No specified number is needed to maintain a class action, rather practicality of joinder depends on several factors, including: (1) the size of class, (2) ease of identifying and serving its members, (3) their geographic dispersion, and (4) whether individual claims are so small as to inhibit a class member from pursuing his own interest. *Hewlett v. Premier Salons Int'l, Inc.,* 185 F.R.D. 211, 215 (D. Md. 1997).

"A class consisting of as few as 25 to 30 members raises the presumption that joinder would be impractical." *Dameron v. Sinai Hosp. of Balt., Inc.,* 595 F. Supp. 1404, 1408 (D. Md. 1984). However, class certification may be denied when the proposed class has few members, and the impracticality of joinder has not been shown.[11]

There are 19 Plan participants whose accounts are accruing benefits. Noel Bragg Aff. ¶ 4, Apr. 8, 2010. The proposed class members were, or are, employed by FRA, making them easy to identify and locate and suggesting that joinder is not

---

[11] *Williams v. Henderson,* 129 Fed. Appx. 806, 811(4th Cir. 2005) (class of eight insufficient); *Harik v. California Teachers Ass'n,* 326 F.3d 1042 (9th Cir. 2003)(class of ten vacated on numerosity grounds).

impracticable. [12]  However, Cuthie has alleged that potential

class members employed by FRA may fear retaliation if they join

the case.  Vincent Cuthie Aff. ¶ 8.  The fear of retaliation may

be an impediment to joinder and a basis for small employee

classes.[13]  There is sufficient numerosity in this case.[14]

    2.  Commonality

Commonality exists when "[t]he central facts and applicable

law at issue . . . are shared by all members of the proposed

class." *Arlington v. Colleen, Inc.,* 2001 WL 34117734, at * 3

(D. Md. Apr. 2, 2001). This requirement is not onerous.  The

inquiry is "not whether common questions of law or fact

predominate, but only whether such questions exist." *Hewlett,*

185 F.R.D. at 216. The requirement is not defeated by minor

differences in the underlying facts of an individual case. *Id.*

These class claims rest on the same legal question; whether

the 2002 amendment violated ERISA procedures, and similar facts.

There is commonality.

---

[12] *See Gilchrist v. Bolger,* 733 F.2d 1551, 1554-55 (11th Cir.
1984)(certification properly denied when proposed class had 21
to 24 members, and employer knew their identities and
addresses).

[13] *Bublitz v. E.I. du Pont de Nemours and Co.,* 202 F.R.D. 251
(S.D. Iowa, 2001)(certifying ERISA class of 17 employees
"because . . . the natural fear of suing one's employer" made
joinder impracticable).

[14] *See Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,*
375 F.2d 648 (4th Cir. 1967)(certification of class of 18 was
proper).

### 3. Typicality

The typicality requirement ensures that the claims of the class representative are sufficiently aligned with those of the other class members. Typicality is satisfied when the plaintiffs and the class have an interest in prevailing on similar legal claims. *Id.*[15]

The claims of Cuthie and the other class members are based on the theory that FRA's 2002 Plan amendment did not comply with ERISA. There is typicality.

### 4. Adequacy of Representation

Representation is adequate if: (1) the named plaintiffs' interests are not opposed to those of other class members, and (2) the plaintiffs' attorneys are qualified, experienced and able to conduct the litigation. *Mitchell-Tracey v. United Gen. Title Ins. Co.,* 237 F.R.D. 551, 558 (D. Md. 2006).

Absent contrary proof, class counsel are presumed competent and sufficiently experienced to prosecute the action on behalf of the class. *Hewlett,* 185 F.R.D. at 218. The Defendants have not challenged the competency of counsel who has

---

[15] The typicality requirement tends to merge with the commonality requirement. *General Telephone Co. v. Falcon,* 457 U.S. 147, 157 n. 13 (1982)("Both . . . serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether . . . the class members will be fairly and adequately protected in their absence.").

ten years experience in ERISA class actions.  Richard Neuworth
Aff. ¶ 1, Mar. 11, 2010.

There is no apparent conflict between the interests of
Cuthie, the class representative, and the other class members.
Cuthie seeks what they would seek: a declaration that the 2002
amendment was not proper.  2d Am. Comp. ¶ 111.  The Defendants
suggest that Cuthie's interests are at odds with the other class
members because he "has assigned his pension benefit to cover
his [attorney's] fees."  Defs. Opp'n. Mot. Certify Class 10.
This claim has no support in the record.  There is adequate
representation.

5. Rule 23(b)

Rule 23(b)(3) certification is proper when "the questions
of law or fact common to the members of the class predominate
over any questions affecting only individual members," and, to
resolve the case, " a class action is superior to other methods
available."  Fed. R. Civ. Pro. 23(b)(3).

a. Predominance

If liability issues are not subject to class-wide proof,
but require individual and fact intensive determinations, common
issues do not predominate.  *Hewlett,* 185 F.R.D. at 220.

Here, if the individual claims were brought, they would
involve FRA's alleged amendment of the Plan without proper
notice to Plan participants or approval of the Secretary of

Treasury.  The claims would present the same legal question: whether this conduct violated ERISA?  The Defendants concede this.  Defs. Opp'n. Mot. Certify Class 12.

Further, the primary relief sought by the Plaintiffs is declaratory.  If the Plaintiffs prove that the 2002 amendment was ineffective, the Court will not be required to compute damages individually.  *Hewlett,* 185 F.R.D. at 229 ("If . . . the computation of damages will require separate mini-trials, then the individualized damages determination predominates over common issues.").  Common issues predominate.

### b. Superiority

Rule 23(b)(3) provides four factors to consider when determining whether a class action is superior to other adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum ; and (4) the difficulties likely to be encountered in management of the class action.  Fed. R. Civ. Pro. 23(b)(3).

As discussed above, reluctance to sue one's employer may inhibit some potential claimants; class action is well-suited to protect their rights.  There do not appear to be any other pending cases.  The Defendants have litigated related claims in

this District and have not stated why further litigation should not be conducted here.  No management difficulties are apparent here.  The class members are readily identifiable current or previous employees of the Defendant.  The issues are straightforward and limited.  Thus, a class action is the superior method.

III. Conclusion

For the reasons stated above, Cuthie's motions for leave to file a second amended complaint, and to certify a class as to Count I will be granted.  The Defendants' motions for remand and for judgment on the pleadings as to Count I will be denied.  The Defendants' motion for judgment on the pleadings as to Count III will be granted in part, and denied in part.


October 18, 2010                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge